UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
GEORGES BERCY,

       Plaintiff,                                      09 CV 1750 (ALC)

  v.                                              **MEMORANDUM
                                                    AND ORDER**

AMERICAN AIRLINES, INC.,

       Defendant.
-------------------------------------------------X

**CARTER, United States Magistrate Judge:**

      Presently before me is plaintiff's motion to remand the action to state court for lack of subject matter jurisdiction. Based on the submissions of the parties, and for the reasons stated below, the motion is denied.

BACKGROUND

      Plaintiff Georges Bercy ("Plaintiff" or "Bercy") filed the instant complaint ("Complaint") in the Supreme Court of Kings County on March 6, 2009, alleging injuries sustained when an errant food cart made contact with his leg while he was aboard an American Airlines ("Defendant") plane traveling from Port-au-Prince, Haiti to Miami. Insofar as damages are concerned, the Complaint merely reads "plaintiff demands judgment against the defendant in an amount that exceeds the jurisdictional limits of all of the lower Courts, together with interest and the costs and disbursements of this action."

      Defendant removed the action on April 24, 2009. The parties proceeded to arbitration, at which an arbitrator fixed Plaintiff's injuries at $55,000. On April 1, 2010, Defendant rejected

arbitrator's award and moved for a trial de novo. The parties have since conducted discovery and attended two fruitless settlement conferences at which no offer or demand exceeded $75,000. The parties wrote to the Court on October 1, 2010 reporting the completion of discovery and requesting a schedule for remaining pre-trial matters, and, at subsequent conference before me, represented that no dispositive motions were anticipated. I directed the parties to submit a Joint Pre-Trial Order by January 25, 2011, which was timely filed, along with the parties' consent to jurisdiction before me for all remaining purposes. In the Joint Pre-Trial Order, Plaintiff argued that his damages do not exceed the amount in controversy requirement and, as a result, the action should be remanded. Defendant opposes the motion on the grounds that Plaintiff made an off-the-record settlement demand of $500,000; the arbitration award is not controlling on the issue of the amount-in-controversy; and because type of injuries claimed by Plaintiff have resulted in awards in excess of $75,000 in other actions.

## DISCUSSION

Subject matter jurisdiction cannot be waived, and can be examined by the Court at any point in the litigation, including on appeal of a judgment on the merits, by a party to the action or sua sponte. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); Ward v. Brown, 22 F.3d 516, 519 (2d Cir. 1994). If subject matter jurisdiction does not exist, the action must be dismissed, regardless of Plaintiff's failure to move to remand at an earlier junction. See 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); see also United Food & Commercial Workers Union Local 919, AFL-CIO v. CenterMark Props. Meriden Square Inc., 30 F.3d 298, 301 (2d Cir. 1994). For the purpose of removability of diversity actions, the focus is the record at the time of removal. Luo v. Mikel, 625 F.3d 772, 775 (2d Cir. 2010).

"The rule governing dismissal for want of jurisdiction in cases brought in federal court is that, unless the law gives a different rule, the sum claimed by plaintiff controls if the claim is apparently made in good faith." Ocean Ships, Inc. v. Stiles, 315 F.3d 111, 115 (2d Cir. 2002). This amount controls even if "[e]vents occurring subsequent to the institution of suit . . . reduce the amount recoverable below the statutory limit." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289-290 (1938). However, because New York law prohibits ad damnum clauses in personal injury actions, N.Y. C.P.L.R. § 3017(c), there was no specific amount demanded at the time of removal. In the absence of a specified sum, it is appropriate to look outside of the pleadings to determine the amount in controversy, since jurisdictional inquiries are not limited to the Complaint. See, e.g., Marakova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss for lack of subject matter jurisdiction . . . a district court . . . may refer to evidence outside the pleadings."); see also APWU, AFL-CIO, v. Potter, 343 F.3d 619, 627 (2d Cir. 2003) ("A district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction.") (citations omitted).

In similar actions, courts faced with amount-in-controversy disputes have considered the following non-exhaustive set of factors: whether the plaintiff sought to amend the amount-in-controversy or otherwise stipulate to a minimum or maximum amount; whether plaintiff represented that damages exceed $75,000; whether plaintiff's alleged injuries have yielded awards in excess of $75,000 in other actions; and evidence of forum- or judge-shopping. See Luo, 625 F.3d at 775-6 (jurisdictional threshold satisfied where plaintiff, at the initial post-removal conference, was reluctant to stipulate to damages less than $75,000, and represented shortly thereafter that the amount was $600,000); Bernadin v. Amer. Airlines, No. 08 CV 1774 (NG) (VVP), 2009 WL 1910964, at *2-3 (E.D.N.Y. Jul. 1, 2009) (plaintiff's letter request to

3

amend complaint to reduce the amount in controversy deemed binding and sufficient to divest the court of jurisdiction); Felipe v. Target Corp., 572 F. Supp. 2d 455, 459-60 (S.D.N.Y. 2008) (amount in controversy requirement met where plaintiff refused to sign a stipulation capping damages at $75,000, made no effort to amend the complaint, and represented in court that the amount in controversy requirement would be met); Quinones v. Nat'l Amusements, Inc., No. 07 CV 663 (MHD), 2007 WL 1522621, at *3 (S.D.N.Y. May 21, 2007) (denying motion to remand where, inter alia, stipulation consenting to remand, if endorsed, permitted defendant to effect a second removal to federal court if the amount in controversy was again adjusted); cf. Purple Passion, Inc. v. RCN Telecom Servs., Inc., 406 F. Supp. 2d 245 (S.D.N.Y. 2005) (denying motion to remand where plaintiff sought to reduce the amount in controversy from $100,000 to $74,000 but permitting amendment of the complaint to reflect reduction). With these factors in mind I will address the parties' arguments.

While Defendant claims that Plaintiff made a demand for $500,000 at the first conference following removal, the record contains no indication of such a large demand. However, Plaintiff's responses to Defendant's first set of interrogatories allege $22,030.70 in medical expenses, and also allege that Bercy had yet to receive all medical bills. Bercy's interrogatory responses also revealed his claim of $60,000 in lost wages for the two-year period following his injury, which would put his loss, with respect to these two categories alone, at $83,020.70. Plaintiff's complaint alleges injuries to his head, body, limbs and nervous system, some of which are of a "permanent and/or protracted nature," and which collectively confined him to his home and bed. (Complaint ¶ 17.) Additionally, he listed in his interrogatories a series of surgical procedures that he underwent under general anesthesia, including, inter alia, arthroscopy and partial meniscectomy of the left knee, post-operative intra-articular anesthetic injection and

placement of a 4mm full radial shaver in the left knee. These losses and injuries counsel in favor of an initial amount in controversy above $75,000.

The fact that Plaintiff raised the issue of remand on the eve of trial, after 21 months of litigation in federal court -- including motion practice, an arbitration, settlement conferences and representations that he was prepared to proceed to trial -- suggests that the true issue may be more tactical than jurisdictional. Plaintiff's motion is essentially a change of position in damages well after the close of discovery. Cf. Quinones, 2007 WL 1522621, at *3 (change of position on damages an insufficient basis for remand) (collecting cases); Purple Passion, 406 F. Supp. 2d at 246-7 (motion to remand denied following plaintiff's amendment to the amount in controversy because of, inter alia, the potential for forum shopping and/or judge shopping). Plaintiff's argument in favor of remand is distinguishable from the situation in which subject matter jurisdiction is divested once it is shown that a plaintiff could never have recovered the amount sought. For example, in Tongkook Amer., Inc. v. Shipton Sportswear Co., 14 F.3d 781 (2d Cir. 1994), an accounting error led the parties to incorrectly assume damages in excess of the amount in controversy. Id. at 783. The Second Circuit determined that, under those circumstances, dismissal was warranted, since there is an objective element to assessing the amount in controversy when it is for a sum certain. On the contrary, the end result of a pursuit for unliquidated damages in a tort action is inherently uncertain. See Deutsch v. Hewes Street Realty Corp., 359 F.2d 96, 100 (2d Cir. 1966) ("[T]o allow a district court judge to value a plaintiff's claim in a case which involves a demand for unliquidated damages and in which the jurisdictional issue is inextricably bound up with the merits of the controversy is tantamount to depriving the plaintiff of his present statutory right to a jury trial."); Quinones, 2007 WL 1522621 at *1 ("[T]he operative question in assessing whether a case meets [the amount in

5

controversy] requirement is whether it appears to a legal certainty that the claim is really for less than the jurisdictional amount") (citing St. Paul, 303 U.S. at 289). Plaintiff has not shown how the arbitrator's award differs from any other post-removal reduction in the amount in controversy. Accordingly, Plaintiff's motion is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is denied. The parties shall appear before me on July 12, 2011 at 1:00pm for a Pre-Trial Conference.

SO ORDERED.

DATED: June 22, 2011 /s/
   Brooklyn, New York    Andrew L. Carter, USMJ